**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SCOTT PETERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–499−SMY |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DAVID SHULKIN, | ) | |
| ROBERT A. MCDONALD, | ) | |
| LYNETTE T. TAYLOR, | ) | |
| DEPT. OF VETERANS AFFAIRS, | ) | |
| BRUCE RAUNER, and | ) | |
| JOHN BALDWIN, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Scott Peters, an inmate in Menard Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Federal Tort

Claims Act, 28 U.S.C. §§1346, 2671-2680. Specifically, Plaintiff claims that the defendants

have been deliberately indifferent to his serious medical issues in violation of the Eighth

Amendment and have failed to accommodate his disability related needs, among various other

allegations. (Doc. 1). This case is now before the Court for a preliminary review of the

Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–

                    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
                    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds that a portion of the Complaint survives threshold review.

## The Complaint

In the Complaint, Plaintiff dedicates a large portion of his Complaint to detailing his interactions with the police that led to his incarceration. He maintains his innocence and asserts that the fault was placed "on the Plaintiff as if there was no one else involved in the situation." *Id.* He claims that the police attacked his background, presumably at trial, by asserting "Plaintiff was crazy" and using a false narrative regarding his history with firearms and a fake hand grenade. (Doc. 1-1, p. 3). Plaintiff asserts that if law enforcement had handled the interaction with him that led to his crime appropriately, the entire situation would have been averted. *Id.* He also claims that the government employing military combat soldiers and allowing them "to go unchecked . . . on civilian homes and property" also made his crime unavoidable, particularly

because the police did not attempt to de-escalate the situation. (Doc. 1-1, p. 4).

Plaintiff also sets forth the following allegations in his Complaint (Doc. 1): Plaintiff is a military veteran who was severely and permanently injured while on duty. (Doc. 1-1, p. 2). He was a different person before he joined the army and has since suffered from psychological issues, including depression, as well as physical disabilities and pain. *Id.* He has consistently sought help from the Department of Veterans Affairs ("VA") for these issues for the past 31 years. *Id.*

Although he has disability related to his service, he has been deprived of his benefits and health care over the years. *Id.* This deprivation has caused him an "emotional insanity and emotional distress to Plaintiff's family and irreparable harm to Plaintiff . . . creating irreversible psychosis." *Id.* He asserts that no one at the Veterans Administration cared, or at least took any action to help him other than to harass his wife about stopping him if he tried to kill himself. *Id.* The Veterans Administration, federal government, governor and director of IDOC knew he was being deprived of care for years and that it was affecting his health, safety and psychological state. (Doc. 1-1. p. 5). Plaintiff claims that this situation has almost cost him his life on more than one occasion, and that being disabled in a maximum security prison ensures that his life continues to be in danger and leaves him terrified for his safety every day. *Id.* He further asserts that he should not be in prison due to his right to protect himself, his home, and his property under Illinois state law. *Id.*

While in prison, he has struggled to receive the medical treatment he is owed due to his Class 4 Medical Card designation. *Id.* Specifically, he claims the following: that he is supposed to receive another colonoscopy because he had polyps removed; that he is supposed to get his pain problems resolved; that he is supposed to have surgery for his stomach hernia; that he is not

given common things like creams for jungle rot or Tylenol for headaches; and that he has blood in his urine and stool, and his prostate has not been checked. *Id*. He also alleges that he is charged co-pays when he is not supposed to pay anything and that although his medical is allegedly supposed to come from the Veterans Administration, he has been told that he is not entitled to any medical for his service connected injuries. *Id.*

Plaintiff also claims that he is restricted to crawling around on the floor because he does not have any assistive devices and that there are not enough wheelchairs or chairs in the shower. *Id.* He is also unable to access a doctor's office at the end of the hall with a wheelchair, so he is forced to sit outside in the hall, even during visits with a psychologist. *Id.* He also sometimes cannot eat the things the other inmates are given because he is not brought to the mess hall. *Id.* He is also unable to go to recreational or go to night yard due to his disabilities. As a result, the other inmates are allowed to be out of their cells 4 hours more than Plaintiff per week. *Id.* Plaintiff has written many grievances to have these issues resolved. *Id.*

Plaintiff requests monetary damages from the defendants as well as declaratory relief. (Doc. 1, p. 7). He also seeks a preliminary and permanent injunction, ordering the defendants to "stop ignoring Plaintiff's serious medical needs caused by service in the United States Armed Forces and provide the medical services deserved, along with safe and accessible housing." *Id.*; (Doc. 5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 5 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Defendants are at fault for the situation that led to Plaintiff's arrest and incarceration due to their negligence, intentional infliction of emotional distress, and deliberate indifference to Plaintiff's medical and psychological needs.

**Count 2 –** Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213, and Rehabilitation Act, 29 U.S.C. §§ 794–94e, for failing to accommodate Plaintiff's various disabilities and thereby depriving him of various prison programs.

**Count 3 –** Defendants have been deliberately indifferent to Plaintiff's various serious medical needs, including those related to his pain, hernia, and need for a colonoscopy, in violation of the Eighth Amendment.

**Count 4 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment by depriving him of certain meals and recreation time, as well as better access to shower benches and wheelchairs.

**Count 5 –** Defendants are liable to Plaintiff under the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680, for failing to give him appropriate medical treatment during his incarceration.

As discussed in more detail below, Count 2 will be allowed to proceed. Counts 1, 3, 4 and 5 will be dismissed. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

### Veterans Affairs Defendants

Before analyzing the merits of Plaintiff's specific claims, the Court finds it appropriate to address more generally Plaintiff's inability to bring claims against several of the named defendants related to his VA benefits. "In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the [Veterans Judicial Review Act]. This is true even if the veteran addresses his claim as a constitutional challenge." *Veterans For Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (*en banc* ) (citing *Zuspann v. Brown*, 60 F.3d

1156, 1159–60 (5th Cir. 1995) (finding no remedy for the constitutional violation because veteran was ultimately "complaining about benefits"). Instead, jurisdiction belongs "in the Veterans Court and the Federal Circuit." *Id.* at 1026. Therefore, David Shulkin, the Director of the VA, Robert A. McDonald, the Assistant Director of the VA, Lynette Taylor, the Director of the Edward Heines Jr. VA Hospital, and the Department of Veterans Affairs (collectively, "VA Defendants") will be dismissed with prejudice from this action.

### Count 1 – Arrest and Conviction

A large portion of Plaintiff's Complaint focuses on alleged conduct by various defendants in the incident that led to Plaintiff's arrest and incarceration. However, a plaintiff convicted or sentenced for an offense may not bring an action for damages under § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule set forth in *Heck* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). As such, until a conviction or sentence has been invalidated, a claim for damages simply "does not accrue[.]" *Heck*, 512 U.S. at 490.

A finding for Plaintiff on Count 1 would necessarily call into question the validity of his conviction. Plaintiff's allegations relevant to this count specifically raise the question as to whether he, or some of the defendants, should be considered at fault for his crime. Those allegations therefore run afoul of *Heck*. Thus, until Plaintiff can show that his conviction or sentence has been invalidated, he will be barred from bringing a civil suit on this issue. Accordingly, Count 1 will be dismissed without prejudice.

## Count 2 – ADA and Rehabilitation Act

Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both statutes includes the failure to accommodate a disability. *Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015). In this case, the analysis under the ADA and Rehabilitation Act is the same, except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. *Id.* at 592 (citing *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012)) (citing 29 U.S.C. § 705(2)(B)).

In a prison setting, access to meals and certain housing facilities, including showers, toilets and sinks, are among the programs and activities protected by the ADA and the Rehabilitation Act. *Jaros*, 684 F.3d at 672; *see also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 916 (N.D. Ill. 2010); *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998). Here, the allegations suggest that Plaintiff is a qualified individual with a disability, given that he relies, at least in part, on the use of a wheelchair. He has also alleged that he has been denied various benefits as a result of his disability, including certain meals, certain periods of recreation time and privacy during doctor's visits. He claims that at times, he is forced to crawl on the floor to move around because of a shortage in wheelchairs, and that there are not enough chairs in the showers to accommodate those with disabilities, including himself. At this stage, these allegations are sufficient to state a claim under the ADA and Rehabilitation Act. Accordingly, the ADA and Rehabilitation Act claims in Count 2 shall receive further review.

However, these claims cannot proceed against the individual defendants because individual employees of IDOC cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n.2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)). Plaintiff has not named IDOC as a defendant, but he has named the Director of IDOC, John Baldwin. Count 2 shall therefore proceed against Baldwin in his official capacity only. This claim shall be dismissed with prejudice against Baldwin in his individual capacity and against all other defendants.

## Count 3 – Deliberate Indifference to Medical Needs

Plaintiff's Eighth Amendment deliberate indifference to medical needs claim does not survive screening because Plaintiff has failed to provide allegations sufficient to connect any of the defendants with this claim. It is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

However, "[a]n inmate's correspondence to a prison administrator may ... establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient

knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition."). "In other words, prisoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference." *Perez*, 792 F.3d at 782.

Plaintiff has also not included as defendants any of his medical providers at Menard who might be directly responsible for his care. Instead, he seeks to hold the named defendants liable based on grievances that he submitted. But Plaintiff merely states that he sent grievances through various grievance systems, including those for Menard, the DOJ, the VA, the governor's office, the United States Government, and IDOC, to have his issues resolved. The Court cannot determine whether these alleged grievances were sufficiently detailed so as to alert any of the defendants to a constitutional deprivation, or if any of the defendants actually received them or could have effectively remedied the alleged deprivations. Because Plaintiff has not alleged that any defendant specifically participated in the alleged deliberate indifference to his medical needs, or was aware of it and turned a blind eye, Count 3 will be dismissed without prejudice.

<u>**Count 4 – Conditions of Confinement**</u>

Plaintiff has also failed to connect any of the defendants with his conditions of confinement claim. He has not alleged that any of the named defendants are directly responsible for his missing meals and recreation time, or the lack of shower benches and wheelchairs. Plaintiff's allegations are also lacking in detail as to how he has been deprived of the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), that must be afforded prisoners. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Thompson v. Colorado*, 278 F.3d 1020, 1032 (10th Cir. 2001); *LaFaut v. Smith*, 834 F.2d 389, 392–94 (4th

Cir. 1987) (Powell, J., sitting by designation). Specifically, he has not alleged that he has been completely deprived of the ability to shower, nor that occasionally missing meals and certain recreation time endangers his health. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670-71 (7th Cir. 2012) (inmate who missed some meals and, though with difficulty, managed to use the toilets and showers when necessary was not deprived of life's necessities) (citing *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (extent, duration, and consequences are relevant in assessing whether deprivation of food violates Eighth Amendment); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (two meals per day on "regular, permanent basis" may satisfy Eighth Amendment if nutritionally adequate)). For these reasons, Count 4 will be dismissed without prejudice.

## Count 5 – Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") provides jurisdiction for suits against the United States arising from torts committed by federal officials. Thus, federal prisoners may bring suit under the FTCA for injuries sustained through the negligent or wrongful acts or omissions of prison officials. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)). However, a plaintiff may not bring a suit under the FTCA unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a). A plaintiff bringing a claim under the FTCA generally shows exhaustion by filing with his Complaint a copy of the "final denial of claim" letter, indicating that agency review has been completed and the individual may seek relief in court.

In this case, Plaintiff has provided no evidence that agency review has been completed. Further, Plaintiff is not a federal prisoner, and this Court does not have jurisdiction to hear his claims against the only federal defendants Plaintiff seeks to assert claims against – the VA Defendants. Thus, Plaintiff's claim asserted against the United States of America under the

FTCA (Count 5) is dismissed with prejudice.

## Temporary Restraining Order

Plaintiff's Motion for Preliminary Injunction (Doc. 5) references "temporary restraining order" ("TRO").  Out of an abundance of caution, this Court will therefore consider whether a TRO is warranted in this situation.

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant before
> the adverse party can be heard in opposition; and (B) the movant's attorney
> certifies in writing any efforts made to give notice and the reasons why it should
> not be required.
>
> FED. R. CIV. P. 65(b)(1).

Without expressing an opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not be issued.  Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.  At the same time, courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and staff.  *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief.").

Plaintiff is advised that though his motion contains new allegations regarding retaliation

and mentions non-defendants as if they were liable, these new claims will not be considered as supplemental to Plaintiff's current Complaint.  Should Plaintiff wish to add claims or defendants, he must file a new suit or, to the extent these claims are sufficiently related to his current claims, properly file an amended complaint.

Accordingly, the Court denies the Motion for Preliminary Injunction (Doc. 5) **to the extent it requests a temporary restraining order.**

### Pending Motions

Plaintiff's Motion for Preliminary Injunction (Doc. 5) is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly for consideration.  To the extent Plaintiff's Motion for Preliminary Injunction (Doc. 5) seeks a temporary restraining order, however, it is **DENIED** without prejudice.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly for consideration.

Plaintiff's Motion for Inclusion of Exhibit 11 (Doc. 8) is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly for consideration.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1**, **3**, and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **BALDWIN**, in his official capacity only.  This claim is **DISMISSED** with prejudice as against Baldwin in his individual capacity, and as against all other defendants, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 5** is **DISMISSED** with prejudice for failure

to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **UNITED STATED OF AMERICA, SHULKIN, MCDONALD, TAYLOR, DEPARTMENT OF VETERANS AFFAIRS,** and **RAUNER** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and with respect to the VA Defendants, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that **BALDWIN**, in his individual capacity, is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 2**, the Clerk of Court shall prepare for **BALDWIN** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon the defendant (or upon defense counsel once an appearance is

entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 6/12/2017**                          s/STACI M. YANDLE
                                                             **U.S. District Judge**